UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE JONES o/b/o<br>KIMONYEH M. JONES,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. EDCV 07-648 AGR<br><br><br><br>MEMORANDUM OPINION AND ORDER |

Darlene Jones filed this action on June 12, 2007, on behalf of her daughter. On June 12, 2007, the Court granted Jones' application to appoint herself as Guardian Ad Litem for her daughter, Kimonyeh M. Jones.[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on July 2 and 3, 2007. On February 13, 2008, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court remands the decision of the Commissioner for proceedings consistent with this Opinion and Order.

---

[1] Darlene Jones and her daughter are collectively referred to as Jones. When necessary to distinguish between them, the Court will use first names.

# I.

## PROCEDURAL BACKGROUND

On June 18, 2003, Jones filed an application for supplemental security income benefits. A.R. 334-335. The application was denied initially and on reconsideration. A.R. 305-306. Jones requested a hearing by an Administrative Law Judge ("ALJ"). A.R. 319. On July 6, 2005, the ALJ conducted a hearing at which Darlene and a medical expert testified. A.R. 427-446. On September 15, 2005, the ALJ issued a decision awarding benefits from May 31, 2003, through October 31, 2004, but not thereafter. A.R. 292-301. On November 14, 2005, Jones requested review of the ALJ's decision. A.R. 290-291.

On April 26, 2006, the Appeals Council affirmed the ALJ's decision for the period between May 31, 2003 and October 31, 2004, but granted review and vacated the ALJ's decision for the period "subsequent to October 31, 2004, and remand[ed] . . . for further proceedings on that issue." A.R. 287-289.

On remand, the ALJ conducted a hearing on November 22, 2006, at which Darlene and the same medical expert testified. A.R. 447-465. On February 7, 2007, the ALJ issued a decision concluding that Kimonyeh was not disabled since December 9, 2003. A.R. 262-275. Jones requested review of the ALJ's decision. A.R. 261.

On March 28, 2007, the Appeals Council issued a "Notice of Appeals Council Action." A.R. 10-12. The Appeals Council granted Jones' request for review and indicated that "[w]e plan to make a decision finding you not disabled beginning November 1, 2004." A.R. 10-11. The Appeals Council stated that Jones could send new and material evidence about the issue of disability after October 31, 2004 within 30 days of the date of the Notice. A.R. 11. "If we do not hear from you within 30 days, we will assume that you do not want to send us more information or appear before the Appeals Council. We will then make our decision." A.R. 12.

On May 25, 2007, the Appeals Council issued a decision that it designated as the final decision of the Commissioner. A.R. 5-9. The Appeals Council noted that it had not received any new or material evidence from Jones since its Notice of Appeals Council Action. A.R. 8. The Appeals Council adopted the ALJ's statements regarding "the Social Security Act, Social Security Administration Regulations, Social Security Rulings and Acquiescence Rulings, the issues in the case, and the evidentiary facts, as applicable." *Id.* The Appeals Council reinstated the ALJ's prior decision "only with respect to the finding that the claimant met the disability requirements from May 31, 2003 through October 31, 2004." A.R. 8-9. The Appeals Council further adopted the ALJ's current findings "only with respect to the issue that the claimant is not disabled beginning November 1, 2004." A.R. 9. The Appeals Council found that Jones "was disabled as defined in the Social Security Act from May 31, 2003 through October 31, 2004, but not thereafter." *Id.*

This lawsuit followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the

evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A.   Definition of Disability

"An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(C)(i).[2] An impairment is "marked and severe" if it meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix I. 20 C.F.R. § 416.924(d)(1). A claimant "meets" a listed impairment if the claimant's impairment matches the listed impairment. *Id.* A claimant "medically equals" the listed impairment by demonstrating medical findings that are of equal medical significance to the listed impairment. 20 C.F.R. § 416.926(b). A claimant "functionally equals" a listed impairment by showing either a marked limitation in two functional domains (out of six) or an extreme limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains are acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for yourself, and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i-vi).

### B.   The Appeals Council's Findings

The Appeals Council's decision dated May 25, 2007 is designated as the final decision of the Commissioner. A.R. 5. Kimonyeh has the following severe impairments: asthma and eczema. A.R. 9. Kimonyeh's impairments met the

---

[2] "[N]o individual under the age of 18 who engages in substantial gainful activity . . . may be considered to be disabled." 42 U.S.C. § 1382c(C)(ii).

4

criteria of Listing 108.05 beginning May 31, 2003, and ending October 31, 2004.[3] However, Kimonyeh's combination of impairments did not meet, medically equal, or functionally equal a listing beginning November 1, 2004.[4]  *Id.*  The Appeals Council found that Kimonyeh was not disabled within the meaning of the Social Security Act beginning November 1, 2004.  *Id.*

### C. Remand to the Appeals Council

This Court has jurisdiction to review a final decision of the Commissioner. 42 U.S.C. § 405(g) (district court may review a "final decision of the Commissioner of Social Security").  The Appeals Council designated its own decision dated May 25, 2007, as the final decision of the Commissioner.  A.R. 5.

Jones, however, does not attack the sufficiency of the Appeals Council's decision.  Instead, Jones raises two issues that attack the ALJ's decision: (1) whether the ALJ developed the record on remand from the Appeals Council; and (2) whether the ALJ complied with the Appeals Council's remand order.  Both issues focus on the absence of medical records for the period after 2004.  (The ALJ had medical records for 2001-2004 prior to his first decision on September 15, 2005.  A.R. 296-297; A.R. 369-423.)  Jones does not cite any authority for the proposition that this Court has jurisdiction to review an ALJ's decision that is not the final decision of the Commissioner.

Inexplicably, Jones does not disclose to this Court that Kimonyeh's medical

---

[3] Listing 108.05 includes "atopic dermatitis" that "persist[s] for at least 3 months despite continuing treatment as prescribed." 20 C.F.R. § 404, Subpart P, Appendix I, § 108.05.  Atopic dermatitis is defined as "a chronic inflammatory skin disorder seen in persons with a hereditary susceptibility to develop itching." Dorland's Medical Dictionary (available at http://www.mercksource.com/pp/us/cns/cns_hl_dorlands_split.jsp?pg=/ppdocs/us/common/dorlands/dorland/three/000028655.htm).

[4] Born on January 9, 2001, Kimonyeh was an "older infant" on December 9, 2003, when she filed her application for benefits, and a "preschooler" at the time of the hearing on November 22, 2006. The regulations place children into age groups.  20 C.F.R. § 416.926a(g)(2).  Older infants are between the ages of 1 and 3.  20 C.F.R. § 416.926a(g)(2)(ii).  Preschoolers are between the ages of 3 and 6.  20 C.F.R. § 416.926a(g)(2)(iii).

5

records for the period 2005-2006 are contained in the administrative record. A.R. 167-180 (5/20/05); A.R. 181-186 (6/27/05); A.R. 187-196 (9/10/05); A.R. 197-200 (12/13/05); A.R. 201-205 (6/27/05, 1/26/06); A.R. 206-208 (6/27/06); A.R. 209-221 (8/25/06); A.R. 222-227 (8/28/06); A.R. 228-241 (9/27/06); A.R. 242-245 (11/14/06); *see also* A.R. 246-251 (tests 9/10/05, 9/27/06). At the hearing before the ALJ on November 22, 2006, Jones' counsel indicated that he had not yet obtained the medical records for 2005-2006, and the ALJ granted an extension of time until December 8, 2006, for Jones' counsel to submit them.[5] A.R. 449-450, 464-465. The medical records listed above indicate that they were printed on December 15, 2006, presumably by the hospital.[6] The ALJ's decision on February 7, 2007, indicates that Jones' counsel had not submitted any additional records to the ALJ and had not requested another extension.[7] A.R. 265.

If "new and material evidence is submitted," the Appeals Council "shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b). The Appeals Council will then

---

[5] In keeping the record open after the hearing to allow for supplementation of the medical records, the ALJ thereby satisfied his duty to develop the record. *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *see Tonapetyan v. Halter*, 242 F.3d 1144,1150 (9th Cir. 2001) (duty to develop record may be discharged by keeping record open after hearing to allow supplementation). The ALJ thereby complied with the Appeals Council's remand order, which directed the ALJ to "[o]btain additional evidence concerning the claimant's atopic dermatitis in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 416.912-913)." A.R. 288.

[6] The test results spell out the name of the person who printed the records – Renee M Armster. *E.g.,* A.R. 246-260. The treatment records indicate "printed by: rarmster." *E.g.,* A.R. 236.

[7] The ALJ's Notice of Decision – Unfavorable states: "You should submit any new evidence you wish to the Appeals Council to consider with your request for review." A.R. 262.

"make a decision or remand the case to an administrative law judge." 20 C.F.R. § 404.979.

Here, the Notice of Appeals Council Action dated March 28, 2007 stated: "We considered the written record that was before the Administrative Law Judge and the testimony at the hearing." A.R. 10. The decision of the Appeals Council indicated that "[n]o comments or additional evidence have been received" since the March 28, 2007 Notice. A.R. 8. Therefore, it appears that the medical records for 2005-2006 were submitted prior to March 28, 2007.

This matter is remanded for the Appeals Council to clarify whether it considered the medical records for 2005-2006; whether it considered these records to be new and material evidence about the issue of disability subsequent to October 31, 2004; and, if so, what weight it gave them in accordance with applicable statutes, regulations and case law.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter remanded for proceedings consistent with this Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 13, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge